IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Brumfield, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | 11 cv ____ |
| | ) | |
| City of Chicago, | ) | (jury demand) |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Title I of the Americans with Disabilities Act, 42 U.S.C. §12112. The jurisdiction of this Court is conferred by 42 U.S.C. §12117.

2. Plaintiff Linda Brumfield is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation.

4. Plaintiff brings this action without 90 days of receipt of her notice of right to sue issued on her timely complaint of discrimination.

5. This is plaintiff's second complaint against the City of Chicago arising out of her employment; plaintiff's first action, which did not involve a Title I claim, was dismissed on May 6, 2011, *Brumfield v. City of Chica-*

*go,* No. 10-cv-4960, and is pending before the Seventh Circuit as No. 11-2265.

6. Plaintiff Linda Brumfield became a full time, non-probationary police officer of the City of Chicago in 1999.

7. In 2006, while employed as a Chicago police officer, plaintiff began to experience psychological problems which made her unable to engage in a variety of everyday activities, including sleeping, eating, and being able to concentrate.

8. Defendant City of Chicago became aware of plaintiff's disability in 2006.

9. In June of 2006, at defendant's direction, plaintiff submitted to a psychological examination to determine if she was psychologically able to work as a police officer.

10. The psychological examination resulted in a finding that plaintiff was capable of continuing to work as a police officer.

11. Plaintiff continued to work as a police officer for the City of Chicago in 2006 and 2007.

12. In 2007, defendant recognized that plaintiff was continuing to experience psychological problems which made her unable to engage in a

variety of everyday activities, including sleeping, eating, and being able to concentrate.

13. In February of 2007, at defendant's direction, plaintiff submitted to a psychological examination to determine if she was psychologically able to work as a police officer.

14. The psychological examination resulted in a finding that plaintiff was capable of continuing to work as a police officer.

15. Plaintiff continued to work as a police officer for the City of Chicago after defendant received the results of the February 2007 examination.

16. After defendant received the results of the February 2007 examination, defendant again recognized that plaintiff was continuing to experience psychological problems which made her unable to engage in a variety of everyday activities, including sleeping, eating, and being able to concentrate.

17. In May of 2007, at defendant's direction, plaintiff submitted to a psychological examination to determine if she was psychologically able to work as a police officer.

18. The psychological examination resulted in a finding that plaintiff was capable of continuing to work as a police officer.

19. Plaintiff continued to work as a police officer for the City of Chicago after defendant received the results of the May 2007 examination.

20. After defendant received the results of the May 2007 examination, defendant again recognized that plaintiff was continuing to experience psychological problems which made her unable to engage in a variety of everyday activities, including sleeping, eating, and being able to concentrate.

21. In August of 2007, at defendant's direction, plaintiff submitted to a psychological examination to determine if she was psychologically able to work as a police officer.

22. The psychological examination resulted in a finding that plaintiff was capable of continuing to work as a police officer and that plaintiff was vulnerable "to workplace stress."

23. Plaintiff continued to work as a police officer for the City of Chicago after defendant received the results of the August 2007 examination.

24. Defendant City of Chicago did not take any action to accommodate plaintiff's disability but took a variety of actions that were intended to cause plaintiff's disability to worsen, including but not limited to suspend-

ing plaintiff without pay (and without medical and psychological benefits) on August 23, 2008.

25. In August of 2008, defendant filed with the Chicago Police Board a complaint seeking plaintiff's termination.

26. The Police Board refused to fire plaintiff, but ordered that she be suspended without pay for 180 days.

27. On March 6, 2009, before expiration of the 180 day suspension period, defendant City of Chicago again caused plaintiff to be suspended without pay pending discharge proceedings before the Chicago Police Board.

28. After a hearing, the Police Board again refused to fire plaintiff, but ordered that plaintiff be suspended without pay for 180 days.

29. On September 11, 2009, before expiration of the second 180 suspension, defendant City of Chicago again caused plaintiff to be suspended without pay pending discharge proceedings before the Chicago Police Board.

30. On July 2, 2010, the Police Board issued a final administrative decision which sustained the third complaint and ordered that plaintiff be discharged. Plaintiff joined a complaint for administrative review with her first federal complaint; the district court declined to exercise supplemental

jurisdiction over the administrative review claim and it is presently pending in the Circuit Court of Cook County.

31. By refusing to accommodate plaintiff's disability, and instead taking actions to exacerbate plaintiff's psychological problems, defendant caused plaintiff to be deprived of rights secured by the Title I of the ADA and unable to be employed.

32. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor and against defendant City of Chicago in an amount in excess of five hundred thousand dollars as compensatory damages and that the Court grant whatsoever other relief as may be appropriate.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200
*attorney for plaintiff*