IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA BRUMFIELD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11 C 5371 |
| CITY OF CHICAGO, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

This is plaintiff Linda Brumfield's third federal lawsuit concerning her employment as a police officer with the Chicago Police Department. In her first suit, Case No. 08 C 2024 (*Brumfield I*), filed in 2008, she claimed that she had been subjected to discipline and mandatory psychological evaluations due to her race, gender, and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act. The judge presiding over *Brumfield I* dismissed her sexual orientation claims, leaving her race and gender discrimination claims.

In August 2010, while *Brumfield I* was pending, Brumfield filed her second suit, Case No. 10 C 4960 (*Brumfield II*). By this time, the City of Chicago had terminated her employment. Brumfield alleged that this violated a provision of Title II of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. In her complaint, she also described the same alleged discriminatory conduct she had identified in her complaint in *Brumfield I*. Brumfield also sought administrative review of her termination under

state law. *Brumfield II* was reassigned to the judge presiding over *Brumfield I* as a related case.

In October 2010, Brumfield voluntarily non-suited *Brumfield I*. In December 2010, she filed an amended complaint in *Brumfield II* that added a claim of failure to accommodate her disability based on the conduct originally described in *Brumfield I*.

The City moved to dismiss *Brumfield II*. It argued, among other things, that Brumfield had failed to state a claim and in effect had pled herself out of court. It also argued that she had failed to exhaust administrative remedies. The judge presiding over *Brumfield II* concluded that Brumfield had failed to state a claim. He made an oral ruling in which he granted the City's motion to dismiss, dismissing her federal claims with prejudice and declining to retain jurisdiction over her state-law administrative review claim. At the hearing, Brumfield's attorney orally moved for leave to amend the complaint to attempt to resolve the defects the judge had cited in granting the City's motion to dismiss. The City objected. The judge denied Brumfield's oral motion.

Brumfield then appealed the decision in *Brumfield II*. The appeal is pending before the Seventh Circuit. Brumfield refiled her state-law administrative review claim in state court, where it remains pending.

The present case (*Brumfield III*) is a suit under Title I of the ADA. Brumfield alleges that the City failed to accommodate her disability. Her claim is based on allegations that are not materially distinguishable from her parallel claim in *Brumfield II*. The only difference is that Brumfield now sues under Title I of the ADA, not Title II. In *Brumfield II*, the City challenged Brumfield's entitlement to sue under Title II, arguing

that she was entitled to sue only under Title I. The judge presiding over the case rejected this argument and permitted Brumfield to proceed under Title II.

Under *Palka v. City of Chicago*, Nos. 09-2042 & 09-3796, --- F.3d ----, 2011 WL 4921385 (7th Cir. Oct. 18, 2011), the present case is barred by the doctrine of claim preclusion. Claim preclusion "has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts)." *Id.* at *8. The parties in the present case (*Brumfield III*) are the same as in *Brumfield II*, and the judge in *Brumfield II* unquestionably entered a judgment on the merits. The causes of action are also the same; they are both premised on the same set of facts, as demonstrated by comparison between the amended complaint in *Brumfield II* and the complaint in this case. The fact that Brumfield bases her current claim on a different legal theory is of no consequence. *See, e.g., Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010).

Brumfield says that she could not have brought a claim under Title I of the ADA in *Brumfield II* because exhaustion of administrative remedies is a prerequisite to suit under Title I, and she was still in the process of doing that at the time the judge in *Brumfield II* dismissed the case. In *Palka*, the Seventh Circuit rejected a virtually identical argument. The plaintiff in that case argued that she could not have brought the claim at issue – a Title VII claim – in her earlier suit because she was awaiting a right-to-sue letter from the EEOC. The court stated,

> We have repeatedly rejected this argument. We have held that a litigant in this position has at least five options to preserve his claim: (1) he can ask the EEOC or its state counterpart to accelerate the administrative process; (2) he can seek an agreement with his former employer not to

3

>plead the statute of limitations; (3) he can agree with his employer to split a single claim into two or more suits; (4) he can delay the filing of the first suit until the last possible moment; or (5) he can request that the court postpone or stay the first case until he receives the right-to-sue letter.

*Id.* at *9 (internal brackets, quotation marks, and citations omitted). Because the plaintiff in *Palka* had done none of these things, the court concluded that claim preclusion barred his Title VII claim.

Brumfield claims that she asked the EEOC to issue her a right-to-sue letter when she filed her Title I administrative charge. Pl.'s Mem. in Opp. to Mot. to Dismiss at 7. She provides no support for this contention, however, even though it would have been rather easy for her to do so. (For this reason, the Court need not address whether the apparent suggestion that the EEOC either ignored her request or refused to issue a right-to-sue letter is believable.)

Brumfield also says that in her memorandum in opposition to the City's to dismiss in *Brumfield II*, she "stated that she . . represented that she would file a charge of discrimination under Title I within the 300 day period following her discharge." *Id.* at 3 (citing page 4 of her response to motion to dismiss in *Brumfield II*). Later in her brief, Brumfield says that she "advised the district court of her intent to perfect a Title I claim by filing a charge and suggested that it was unnecessary to decide whether her claim could be brought under Title I and Title II of the ADA." *Id.* at 7.

Brumfield did not, however, ask the judge in *Brumfield II* to postpone the case pending the EEOC's issuance of a right-to-sue letter. That aside, she did not even file her EEOC charge until March 25, 2011, seven and one-half months after she filed suit in *Brumfield II*. *See* Def.'s Mem. in Support of Mot. to Dismiss, Ex. G. Though plaintiff

had 300 days after her termination in July 2010 to file an administrative charge concerning the termination, there was nothing that required her to wait that long. Given these circumstances, Brumfield's contention that she was not trying to split her cause of action, see Pl.'s Mem. in Opp. to Mot. to Dismiss at 8, is a bit hard to swallow.

One way or another, however, it is clear that Brumfield did not take any of the steps in *Brumfield II* that *Palka* says she had to take to avoid application of claim preclusion to her current suit, *Brumfield III*. Her contention that she asked the EEOC to speed things up by issuing an immediate right to sue letter is unsupported, and she never asked the judge in *Brumfield II* to postpone or delay consideration of the case pending termination of the EEOC proceedings on her administrative charge. For these reasons, the doctrine of claim preclusion bars Brumfield's current claim.

Despite this, were the Court writing on a clean slate, it would not yet dismiss this case. If Brumfield prevails in her pending appeal from the dismissal of *Brumfield II*, it is a virtual certainty that she will be permitted to include her Title I ADA claim in that suit after the case is remanded. For this reason, the Court's preferred course would be to defer entry of judgment and stay the present case until after the Court of Appeals decides *Brumfield II*. Otherwise, Brumfield and the City will be litigating two appeals and a state-law administrative review claim all at once. But the docket in the appeal of *Brumfield II* reflects that the Seventh Circuit has suspended briefing on the appeal in that case pending this Court's ruling on the City's motion to dismiss. The Court will therefore enter judgment based on its current ruling and will leave it to the Court of Appeals to deal with the two cases in a way that will avoid unnecessary litigation and

5

undue duplication of effort.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [docket no. 9] and directs the Clerk to enter judgment in favor of the defendant and against the plaintiff.

                                                                          MATTHEW F. KENNELLY
                                                                          United States District Judge

Date: November 21, 2011